LEWIS BROWN *v.* THE MECHANICS AND TRADERS BANK OF NEW ORLEANS.

Payment by the drawees of the original of a bill, drawn in duplicate payable to order, made under a forged endorsement, is no defence to an action by the payee, against the drawer, on the protest of the duplicate for non-acceptance. The payment made on the forged endorsement was at the risk of those who made it.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.

*Van Matre*, for the plaintiff, cited Chitty on Bills, (7 Am. ed.) 61, 149, 110, 389, 385. 2 Starkie on Evid. 245, 650. *Dick* v. *Leverich*, 11 La. 576. *Jackson* v. *Commercial Bank*, 2 Rob. 128. 1 Bullard & Curry's Dig. 41.

*L. Peirce*, for the appellants.

BULLARD, J. This is an action upon the duplicate of a check, or bill of exchange, drawn by the Mechanics and Traders Bank, to the order of the plaintiff, upon the Chemical Bank of New York, and protested for non-payment.

The defendants, in their answer, deny that the plaintiff, is the owner of the draft, or entitled to sue. They deny that they are liable to pay it, without production or tender to them of the original; and they say, that they have been informed, and believe, that the Chemical Bank has the original of said bill, and has paid the same. They, therefore, pray oyer of the original before further proceedings, and if the same be not produced and deliv-

ered to them, they pray judgment whether they are bound to make further defence, and pray to be dismissed.  This exception being disposed of, the defendants answered to the merits, after denying the right of the plaintiff to recover without producing the whole set; and averred, that the first was paid by the Chemical Bank on presentation.

The plaintiff recovered a judgment for the amount of the bill, and the defendants have appealed.

The evidence clearly shows, that the defendants drew the bill in duplicate ; that the first was remitted to the plaintiff, who resides in Missouri, but was never received by him.  It was intercepted, the name of the plaintiff forged upon the back of it, and was presented and paid by the Chemical Bank.  In the mean time, the other duplicate, upon which the present action is brought, was received by the plaintiff from his agent in New Orleans, but on presentation by him, payment was refused, and a regular protest made ; whereupon the present action was brought.

The defendants have failed to make good the plea of payment by the bank on which the bill or check was drawn.  The payment having been made upon a forged endorsement, was at the peril of the bank making the payment.

With such evidence, the Chemical Bank could not recover of the Mechanics and Traders Bank the amount of the bill.  The loss must fall on the former.  Nothing then has been shown to exonerate the defendants from their liability to pay on the protest of their bill, inasmuch as the payment on the forged endorsement would not have protected the Chemical Bank, if they had accepted, and the action were against them as acceptors.  But it is contended by the counsel for the defendants, that this action is premature ; that the plaintiff should have first instituted proceedings against the Chemical Bank for retaining the check alleged by him to have been paid in error, and, on proving the forged endorsement, to have had it returned to him or paid.  To this the obvious answer is, that the plaintiff had no right of action against the Chemical Bank, until after acceptance ; and, that being refused, his recourse was upon the drawers.  Even admitting that the plaintiff is bound to account for both the duplicates,

which is by no means clear, yet he has sufficiently accounted for the first, by showing its loss, and its payment on a forged endorsement. With the same evidence now adduced, the Chemical Bank could not be allowed to charge the defendants with the amount of the draft thus incautiously paid.

*Judgment affirmed.*